UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNE MARIE GARDINER ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| AMERICAN RECOVERY ) | |
| SERVICES, INCORPORATED ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Anne Marie Gardiner, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Anne Marie Gardiner, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Anne Marie Gardiner, is an adult natural person residing at 205 Frankfort Avenue, Northvale, NJ 07647. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, American Recovery Services, Incorporated ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with its primary office located at 555 St. Charles Drive, Suite 100, Thousand Oaks, CA 91360.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around mid March, 2010, Plaintiff started receiving calls from Defendant's agent, "Michael Fernandez", collecting on a debt allegedly owed to American Express.

8. Debt was said to be for approximately $11,104.32.

9. Plaintiff informed Defendant's agent, "Michael Fernandez", that she had retained the services of the law firm of Persels & Associates, LLC to help settle this debt for her.

10. Plaintiff asked Defendant's agent, "Michael Fernandez", to call them directly and speak with her attorney.

11. Defendant's agent, "Michael Fernandez", told the Plaintiff that he would not call and that they would never work with a third party.

12. Plaintiff continued to receive calls from Defendant, mostly to her personal cell phone and at her place of employment.

13. During these calls, Plaintiff's co-workers were informed that they were in regards to an unpaid debt.

14. On one occasion, in early April, 2010, Defendant's agent, "Michael Fernandez", called the Plaintiff at her place of employment and was told by a co-worker that she was in a meeting. Defendant's agent went on to tell the co-worker that he was going to have to request she get the Plaintiff out of her meeting because she was just trying to avoid him and this was an urgent matter.

15. Plaintiff called Defendant back and demanded that he stop calling her work, he stated that he could call her wherever he wanted to try and get payment and that she better not hang up on him.

16. Plaintiff's co-workers felt that they were being "bullied" by Defendant's agent, "Michael Fernandez", when he would call to speak to the Plaintiff.

17. On or about April 4, 2010, Persels & Associates, LLC, sent a "cease and desist" letter to the Defendant letting them know that they had been retained by the Plaintiff to aid her in the settlement of her unsecured debt. **See Exhibit "A" (letter) attached hereto**.

18. The letter further instructed the Defendant that any future contact on this matter must go directly through them.

19. On that same day, Plaintiff received a call on her cell phone that was answered by her son. Defendant's agent, "Michael Fernandez", demanded that her son get her to the phone immediately because his mother was just trying to avoid him.

20. Defendant and their agents have continued to call the Plaintiff to collect on this debt as of the filing of this complaint even after having verbal and written knowledge that the Plaintiff is being represented by an attorney in this matter.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

22. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c) | After written communication that consumer refuses to pay debt, or that consumer wants collector to cease communication |

| | | |
|---|---|---|
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, American Recovery Services, Incorporated, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: April 27, 2010        BY:        /s/ Bruce K. Warren

Bruce K. Warren, Esquire

/s/ Brent F. Vullings

Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff

# EXHIBIT "A"

PO Box 6489  
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**  
**PERSELS & ASSOCIATES, LLP (CA, MI)**  
A National Law Firm Dedicated to Consumer Rights

Neil J. Ruther, licensed in MD  
Leza Griffith, licensed in MD, DC  
William Grafton, licensed in MS, TX  
Lisa L. Perrillo, licensed in NY, NC  
Jimmy B. Persels, Of Counsel, licensed in MD, MO, IL, DC  
Alan Field, licensed in NJ, NY

Phone: (800) 498-6761  
Fax: (888) 863-8659

AMERICAN RECOVERY SERVICE  
PO BOX 1025  
THOUSAND OAKS CA 91358-0025

April 04, 2010

Client Name:         Thomas Gardiner and Anne Marie Gardiner  
Creditor Account Number:     
Client SSN:

To Whom It May Concern:

Our law firm has been retained by Thomas Gardiner and Anne Marie Gardiner. Persels & Associates has a limited power of attorney to represent this client in debt settlement negotiations. Please update your records to reflect the firm as your contact for settlement of our client's debts. Cease all further direct contact with our client pursuant to the Fair Debt Collections Practices Act.

This scope of our representation does not include entry of appearance on behalf of the client in any related litigation. <u>We do not accept service on behalf of our client in any proceeding. All court papers and notices must be served directly on the party.</u>

You can reach Persels & Associates at (800) 498-6761. We will contact you in the future to discuss possible settlement options. We look forward to working with you and appreciate your assistance in resolving this matter so that we can expedite a solution that is best for everyone.

Sincerely,

Alan Field  
Counsel  
Persels & Associates

Rev: 1024E-004-091220